No. 28,325.

MARY FERGUSON, *Appellant,* v. FRED W. FERGUSON et al., *Appellees.*

(275 Pac. 1093.)

Opinion filed April 6, 1929.

*G. H. Lamb, W. E. Hogueland,* both of Yates Center, and *O. C. Zwicker,* of Eureka, for the appellant.

*F. J. Oyler,* of Iola, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action was prosecuted by Mary Ferguson, the widow of J. C. Ferguson, against his children to obtain partition of certain real property. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The petition alleged that J. C. Ferguson died seized of a large quantity of land situated in Greenwood county, describing that land, which the court after calculation assumes to have been approximately 1,600 acres, included within which was the land in controversy in this action. The petition further alleged:

"That only after the death of the said J. C. Ferguson did she [the plaintiff] learn that a few days prior to her marriage with said J. C. Ferguson he had fraudulently attempted, without consideration, to transfer his property, as above set out, to his said children, the defendants herein."

In the abstract of the appellant is found a "stipulation and statement of facts dictated by the court" as follows:

"It is admitted for the purposes of this trial that the only question in issue is as to the construction of two deeds, one made by J. C. Ferguson September

12, 1923, to Dorothy Rush, and another made the same date by J. C. Ferguson, widower, to Ella Rice.

"In the first deed as to the description 'and west half following real estate, all that part northwest quarter section 2, township 27, range 11, which lies southwest of center of channel of Fall river, containing 125 acres more or less, and southwest quarter of northeast quarter, 38 acres, and southeast quarter of northwest quarter, 40 acres, both being in section 32, 26, 11,' and the following description: 'and east half of all following described real estate, to wit, all that part northwest quarter, section 2, in township 27, range 11, which lies southwest of center of channel of Fall river, and being 125 acres more or less; and northwest quarter of northeast quarter section 4, township 27, range 11' in the same deed; and the question of construction referring in the first deed is as to whether the clause 'and west half' limits the land described as southwest quarter of the northeast quarter and the southeast quarter of northwest quarter in section 32, or only limits that part of the northwest quarter of section 2 which lies southwest of the center of the channel of Fall river. And in the second deed as to whether the clause 'and east half' limits the description northwest quarter of northeast quarter of section 4, township 27, range 11, or only limits that part of the northwest quarter of section 2, township 27, range 11, which lies southwest of the center of the channel of Fall river.

"For the purposes of this construction it is also admitted that as to the first deed the grantor, J. C. Ferguson, at the time or after making said conveyance, conveyed the west half of all that part of the northwest quarter of section 2, township 27, range 11, which lies southwest of the center of· the channel of Fall river, and containing 125 acres more or less; he also conveyed the east half of said tract to another daughter, but that he did not at that time or at any future time convey the east half of the southwest quarter of northeast quarter, nor the east half of the southeast quarter of the northwest quarter, both in section 32, to a daughter or to anyone else.

"It is also for the purposes of this construction admitted that as to the second deed, at the time of the making of same, or thereafter, the grantor, J. C. Ferguson, conveyed the west half of all that part of the northwest quarter of section 2, in township 27, range 11, which lies southwest of the center of the channel of Fall river, and being 125 acres; he also conveyed the west half of said tract to another daughter, but that at that time and at no time subsequent, did he convey the west half of the northwest quarter of northeast quarter of section 4, township 27, range 11, to a daughter or to anyone else.

"And this being the only question to be determined by the court at this time, in view of a consideration of the descriptions of these lands as written in the deeds, and in view of the intention of the party as indicated, in the judgment of the court, by the manner of conveying parts of the land covered by these descriptions to other parties, it is the judgment of the court, and found, that as to the first deed, the whole of the southwest quarter of the northeast quarter, 38 acres, and the whole of the southeast quarter of the northwest quarter, 40 acres, both being in section 32, township 26, range 11,

was conveyed by the grantor to Dorothy Rush, and as to the second deed the whole of the northwest quarter of the northeast quarter of section 4, township 27, range 11, was conveyed to the grantee, Ella Rice. Such is the judgment of the court."

On and prior to September 12, 1923, J. C. Ferguson, then a widower, owned the land in all that part of the northwest quarter of section two (2), township twenty-seven (27), range eleven (11), which lies southwest of center channel of Fall river, containing one hundred and twenty-five (125) acres more or less, and owned the southwest quarter of the northeast quarter, thirty-eight (38) acres, and owned the southeast quarter of the northwest quarter, forty (40) acres, both of said last-mentioned tracts being in section thirty-six (36) in township twenty-six (26) range eleven (11), all in Greenwood county, Kansas.

On September 12, 1923, J. C. Ferguson executed a warranty deed to his daughter, the defendant, Dorothy Rush, by which he conveyed to her—

"The east half of the southeast ¼ section thirty-three (33), and west half (½) of southwest quarter (¼) section thirty-four (34), township twenty-six (26), range eleven (11), and west half (½) following real estate all that part northwest quarter (¼) section two (2), township twenty-seven (27), range (11), which lies southwest of center of channel of Fall river, containing 125 acres more or less, and southwest quarter (¼) of northeast quarter (¼), 38 acres, and southeast quarter (¼) of northwest quarter (¼), 40 acres, both being in sec. 32-26-11."

On the same day, J. C. Ferguson executed a quitclaim deed to his daughter, the defendant, Ella Rice, by which he conveyed to her—

"The east half of southeast quarter of section twenty-five (25), in township twenty-seven (27), range eleven (11), and lots three (3) and four (4), in section thirty (30), township twenty-seven (27), range twelve (12), and east half (½) of all following-described real estate to wit:

"All that part northwest quarter (¼) section two (2), in township twenty-seven (27), range eleven (11), which lies southwest of center of channel of Fall river, and being 125 acres more or less, and northwest one quarter (¼) of northeast quarter (¼) section four (4), township twenty-seven (27), range eleven (11)."

Afterward J. C. Ferguson and the plaintiff were married. He subsequently died, leaving the plaintiff as his widow.

This controversy is over the southwest quarter of the northeast quarter and the southeast quarter of the northwest quarter of section thirty-two (32), township twenty-six (26), range eleven (11), and over the northwest quarter of the northeast quarter of section

four (4), township twenty-seven (27), range eleven (11), all in Greenwood county. The plaintiff contends that the deeds conveyed only one-half of each of the last-named tracts, while the defendants contend that the deeds conveyed the whole of each of those tracts. The description in each deed may be separated into three parts: the first in which all the land therein described is conveyed; the second, in which one-half of the 125 acres is conveyed to each of the daughters; and the third, in which the tracts following the description of the 125 acres is conveyed. The language used to describe the interest conveyed in the last-described tracts is ambiguous. No evidence was introduced to explain that ambiguity. The trial court was compelled to construe the language from the pleadings and the deeds.

Attention is directed to the allegation in the petition that J. C. Ferguson had transferred his property to his children for the purpose of defrauding the plaintiff. That allegation implied that J. C. Ferguson had transferred all his property in the manner alleged. Attention is also directed to the language of the court, as follows:

"In view of a consideration of the description of these lands as written in the deeds, and in view of the intention of the party as indicated . . . by the manner of conveying parts of the land covered by these descriptions to other parties."

The trial court reached his conclusions from the original deeds which he had in his possession and from which he dictated the stipulation and statement of facts hereinbefore set out. This court does not have the original deeds nor an abstract of them; it has certified copies of the record of those deeds and an abstract of them. A question has been raised in this court concerning the accuracy of the copies set out in the abstract of the appellant. The trial court had the original deeds. For that reason he was in a little better position to determine the meaning of the deeds than this court is at this time with certified copies and the abstract from which to reach conclusions.

The whole of the description in each of the deeds strongly indicates that J. C. Ferguson intended to convey all of the land therein described and not retain title in himself to any of it. That, in connection with the allegations of the petition, justified the conclusion reached by the trial court. The same conclusion is reached by this court.

The judgment is affirmed.